FILED
MISSOULA, MT

2007 APR 19 PM 5 00

PATRICK E. DUFFY
BY _____
   DEPUTY CLERK

TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59801
Phone: (406) 542-8851
FAX: (406) 542-1476

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 06-67-M-DWM |
| --- | --- |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| GARLICK HELICOPTERS, INC., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Timothy J. Racicot, Assistant United States Attorney for the District of Montana, and the defendant, Garlick Helicopters, Inc., and the defendant's counsel, Milton Datsopoulos, have agreed upon the following:

TJR   GHI   MD   DATE 4/19/07

1.  Defendant acknowledges that it has been charged in the indictment in this case with two violations of 18 U.S.C. § 38(a)(1)(A) (Fraud Involving Aircraft Parts) (Counts I and III), and one violation of 18 U.S.C. § 1001(a)(2) (False Statements) (Count II).

2.  Defendant has, through its lawful agents, read the charges against it contained in the indictment and those charges have been fully explained to it by its attorney.

3.  Defendant fully understands the nature and elements of the crimes with which it has been charged.

4.  Defendant, through its lawful agents, will enter a voluntary plea of guilty to Count III of the indictment in this case.

5.  *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by *Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts I and II of the Indictment, and b) makes the recommendations contained in ¶11. The defendant understands that if the agreement is accepted by the Court, and Counts I and II are dismissed, it will not have an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States. *Rule 11(c)(3)(B), (d)(2)(A), Federal Rules of Criminal Procedure*.

*Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if

-2-   TJR   GHI   MD   4/19/07
                            DATE

the defendant moves to withdraw its guilty plea, entered pursuant to and receiving the benefits of this agreement, and if it successfully withdraws the plea either in the district court or on appeal, that this agreement will become null and void.

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6.  *Admission of Guilt:* Defendant will plead guilty because it is in fact guilty of the charge contained in Count III of the indictment. In pleading guilty to Count III, the defendant acknowledges that on or about May 23, 2006, at Hamilton, in the State and District of Montana, Ronald Dean Garlick, acting as a representative and on behalf of the defendant, did knowingly and with the intent to defraud, falsify and conceal a material fact concerning aircraft parts, in that he coerced an employee of Garlick Helicopters, Inc. to sign a "return to service" repair station serviceable tag for a swashplate support assembly, part number 206-010-452-1, serial number RE3563, when he knew that he had created the serviceable tag for the swashplate support assembly, which did not have documentation indicating its true status, and he knew that



-3-       TJR   GHI   MD   DATE

the employee was not authorized to sign the serviceable tag, also in violation of 18 U.S.C. § 38(a)(1)(A).

7. *Maximum Punishment Provided by Law:* Defendant understands the charge to which it will plead guilty in Count III carries a maximum penalty of five years of probation and a $10,000,000 fine.

8. *Elements of the Charge:* Defendant has been advised of the nature of the charges made against it and the elements of the crime to which it is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crimes. It further acknowledges that these are the elements of the crime charged in Count III of the indictment:

First, the defendant, through its lawful agents, knowingly falsified a material fact concerning an aircraft part;

Second, the defendant's agents acted with the intent to defraud; and

Third, the defendant's agents' falsification of that material fact affected interstate or foreign commerce.

The defendant understands that by entering a guilty plea, the government will not be required to present proof of its guilt and the elements recited herein because there will be no trial if the Court accepts the plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

    (a)    If defendant persisted in a plea of not guilty to the charges against

-4-  

it, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(b) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(c) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. Defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict unless after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(d) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(e) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

TJR   GHI   MD   4/19/07
              DATE

(f) At a trial, defendant would have a privilege against self-incrimination so that it could decline to testify and no inference of guilt could be drawn from the refusal to testify. If defendant desired to do so, it could testify in its own behalf.

(g) If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal its conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle it to reversal of the conviction.

10. *Waiver of Rights by Plea:* Defendant understands that by pleading guilty pursuant to this agreement it is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights, and the consequences of waiving those rights.

11. *Recommendations:*

The United States will recommend that the defendant be given a two-point credit for acceptance of responsibility, unless the defendant is found to have obstructed justice prior to sentencing. USSG § 3C1.1.

The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to a sentence outside the advisory guideline range determined by the Court.

Both parties acknowledge that the Court is not bound by the recommendations of either party and may sentence the defendant to a sentence anywhere within the



-6-  TJR  GHI  MD  4/19/07 DATE

advisory Guideline range or may impose any reasonable sentence outside that guideline range.

Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

12.   *Effect of Early Decision:* If the defendant otherwise qualifies for a two-level adjustment for acceptance of responsibility, and its offense level is 16 or greater, and if the defendant files this agreement or a Motion for Change of Plea Hearing at least 14 days prior to the date now set for trial, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG § 3E1.1(b).

13.   *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Judge, the United States Attorney for Montana shall cause to be dismissed with prejudice Counts I and II of the indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

14.   *Voluntary Plea:* Defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce defendant to plead guilty.

15.   *Special Assessment/Financial Obligations:* Defendant recognizes that it will be responsible for a mandatory assessment of $400 pursuant to 18 U.S.C. § 3013(a)(2)(B) of the Comprehensive Criminal Control Act. The defendant

-7-    TJR   GHI   MD   4/19/07 DATE

understands and agrees that whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

16. *Entire Agreement:* Any statements or representations made by the United States, the defendant, through its lawful agents, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

WILLIAM W. MERCER
United States Attorney

_____
Timothy J. Racicot
Assistant U. S. Attorney
Date: 4/19/07

X

_____
Garlick Helicopters, Inc.
Defendant
Date: _____

-8-   TJR   GHI   MD   4/19/07
                            DATE

_____
Milton Datsopoulos
Defense Counsel
Date: April 19, 2007

TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59801
Phone: (406) 542-8851
FAX: (406) 542-1476

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 06-67-M-DWM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| GARLICK HELICOPTERS, INC., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Timothy J. Racicot, Assistant United States Attorney for the District of Montana, and the defendant, Garlick Helicopters, Inc., and the defendant's counsel, Milton Datsopoulos, have agreed upon the following:

TJR  GHI  MD  DATE

1.   Defendant acknowledges that it has been charged in the indictment in this case with two violations of 18 U.S.C. § 38(a)(1)(A) (Fraud Involving Aircraft Parts) (Counts I and III), and one violation of 18 U.S.C. § 1001(a)(2) (False Statements) (Count II).

2.   Defendant has, through its lawful agents, read the charges against it contained in the indictment and those charges have been fully explained to it by its attorney.

3.   Defendant fully understands the nature and elements of the crimes with which it has been charged.

4.   Defendant, through its lawful agents, will enter a voluntary plea of guilty to Count III of the indictment in this case.

5.   *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by *Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts I and II of the indictment, and b) makes the recommendations contained in ¶11. The defendant understands that if the agreement is accepted by the Court, and Counts I and II are dismissed, it will not have an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States. *Rule 11(c)(3)(B), (d)(2)(A), Federal Rules of Criminal Procedure*.

*Effect of Withdrawal from the Agreement*: The parties stipulate and agree that if

-2-   TJR    GHI    MD    DATE

the defendant moves to withdraw its guilty plea, entered pursuant to and receiving the benefits of this agreement, and if it successfully withdraws the plea either in the district court or on appeal, that this agreement will become null and void.

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* Defendant will plead guilty because it is in fact guilty of the charge contained in Count III of the indictment. In pleading guilty to Count III, the defendant acknowledges that on or about May 23, 2006, at Hamilton, in the State and District of Montana, Ronald Dean Garlick, acting as a representative and on behalf of the defendant, did knowingly and with the intent to defraud, falsify and conceal a material fact concerning aircraft parts, in that he coerced an employee of Garlick Helicopters, Inc. to sign a "return to service" repair station serviceable tag for a swashplate support assembly, part number 206-010-452-1, serial number RE3563, when he knew that he had created the serviceable tag for the swashplate support assembly, which did not have documentation indicating its true status, and he knew that

-3-   TJR   GHI   MD   DATE

the employee was not authorized to sign the serviceable tag, also in violation of 18 U.S.C. § 38(a)(1)(A).

7. *Maximum Punishment Provided by Law:* Defendant understands the charge to which it will plead guilty in Count III carries a maximum penalty of five years of probation and a $10,000,000 fine.

8. *Elements of the Charge:* Defendant has been advised of the nature of the charges made against it and the elements of the crime to which it is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crimes. It further acknowledges that these are the elements of the crime charged in Count III of the indictment:

First, the defendant, through its lawful agents, knowingly falsified a material fact concerning an aircraft part;

Second, the defendant's agents acted with the intent to defraud; and

Third, the defendant's agents' falsification of that material fact affected interstate or foreign commerce.

The defendant understands that by entering a guilty plea, the government will not be required to present proof of its guilt and the elements recited herein because there will be no trial if the Court accepts the plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

    (a) If defendant persisted in a plea of not guilty to the charges against

-4-  TJR  /SM/  MD  DATE

it, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(b) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(c) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. Defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict unless after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(d) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(e) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence n its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

-5-    TJR ____ ____ MD ____
                              DATE

(f) At a trial, defendant would have a privilege against self-incrimination so that it could decline to testify and no inference of guilt could be drawn from the refusal to testify. If defendant desired to do so, it could testify in its own behalf.

(g) If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal its conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle it to reversal of the conviction.

10. *Waiver of Rights by Plea:* Defendant understands that by pleading guilty pursuant to this agreement it is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights, and the consequences of waiving those rights.

11. *Recommendations:*

The United States will recommend that the defendant be given a two-point credit for acceptance of responsibility, unless the defendant is found to have obstructed justice prior to sentencing. USSG § 3C1.1.

The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to a sentence outside the advisory guideline range determined by the Court.

Both parties acknowledge that the Court is not bound by the recommendations of either party and may sentence the defendant to a sentence anywhere within the

-6-    TJR   GAI   MD   DATE

advisory Guideline range or may impose any reasonable sentence outside that guideline range.

Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

12. *Effect of Early Decision:* If the defendant otherwise qualifies for a two-level adjustment for acceptance of responsibility, and its offense level is 16 or greater, and if the defendant files this agreement or a Motion for Change of Plea Hearing at least 14 days prior to the date now set for trial, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG § 3E1.1(b).

13. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Judge, the United States Attorney for Montana shall cause to be dismissed with prejudice Counts I and II of the indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

14. *Voluntary Plea:* Defendant and its attorney acknowledge that no threats promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce defendant to plead guilty.

15. *Special Assessment/Financial Obligations:* Defendant recognizes that it will be responsible for a mandatory assessment of $400 pursuant to 18 U.S.C. § 3013(a)(2)(B) of the Comprehensive Criminal Control Act. The defendant

-7-     TJR   GH   MD   DATE

understands and agrees that whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

16. *Entire Agreement:* Any statements or representations made by the United States, the defendant, through its lawful agents, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

WILLIAM W. MERCER
United States Attorney

Timothy J. Radicot
Assistant U. S. Attorney
Date: _____

_[signature]_ PRESIDENT
Garlick Helicopters, Inc.
Defendant
Date: April 19, 2007

-8-   TJR   [initials]   MD   DATE

_____
Milton Batsopoulos
Defense Counsel
Date: April 19, 2007

-9-    TJR / CHI / MD    DATE